JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>    v.<br><br>ROBERT NEWELL,<br><br>     Defendant. | Case No. 5:24-cv-01524-SPG-SP<br><br>**FINAL JUDGMENT AS TO DEFENDANT ROBERT NEWELL** |

The Securities and Exchange Commission commenced this action by filing its Complaint against Defendant Robert Newell ("Defendant"). This Court previously entered consent Judgment against Defendant, imposing injunctive relief, but left unresolved the issues of disgorgement, prejudgment interest, a civil penalty, and other relief. (*See* Judgment, ECF No. 52). The Court finds that good cause exists to award the Commission disgorgement, prejudgment interest, a civil penalty, and further injunctive relief as set forth in Sections V and VI below. The Court enters Sections I, II, III, and IV of this Final Judgment based on the Consent signed by Defendant, (ECF 50-2), and previously entered by this Court, (Judgment, ECF No. 52), in which Defendant, without admitting or denying the allegations of the Complaint (except as to

1

jurisdiction, and except as otherwise provided in Paragraph VIII), agreed to, among others, the matters set forth in these paragraphs.

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(1)    to employ any device, scheme, or artifice to defraud;

(2)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

3

following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)] by directly or indirectly, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by directly or indirectly, while acting as an investment adviser to any pooled investment vehicle, using the mails or any means or instrumentality of interstate commerce:

(1) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any investor or prospective investor, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)], Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], Defendant is permanently restrained and enjoined for five years from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $668,300, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $254,067, and a civil penalty in the amount of $668,300 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §§ 78u(d)], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall satisfy this obligation by paying $1,590,667 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert Newell as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest

and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant [ECF 50-2] is incorporated herein with the same force and effect as if fully set forth herein and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: May 7, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE